**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTINA GORHAM** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **STADIUM CASINO RE, LLC, d/b/a Live!** | : | |
| **Casino & Hotel Philadelphia** | : | **NO. 25-1130** |

## MEMORANDUM OPINION

**Savage, J.**                                                    **December 16, 2025**

Plaintiff Martina Gorham was injured when the barstool she was sitting on at a casino owned by the defendant Stadium Casino RE, LLC, d/b/a Live! Casino & Hotel Philadelphia ("Live Casino") collapsed. Live Casino moves for leave to join Amtrend, an entity it claims manufactured the stool and may be liable. Because Live Casino has offered no explanation why it could not have joined Amtrend months ago before it erroneously joined another entity, we deny the motion.

## Background

Gorham alleges that while a guest at Live Casino on June 18, 2024, she sustained injuries when a barstool gave out from underneath her.[1] She filed this action in the Court of Common Pleas of Philadelphia County, alleging Live Casino negligently failed to maintain its premises in a reasonably safe condition.[2] Live Casino timely removed to this court on March 4, 2025.[3] It answered Gorham's complaint on March 10, 2025.[4]

---

[1] *See* Compl. ¶¶ 5–7, ECF No. 1-3.

[2] *Id.* ¶¶ 5–19.

[3] *See* Notice of Removal at 1, ECF No. 1.

[4] *See* Answer of Defs. with Affirmative Defenses, ECF No. 14.

On April 8, 2025, we issued a scheduling order setting a trial date of October 9, 2025.[5]  On April 16, 2025, at Live Casino's request, we rescheduled trial for October 16, 2025.[6]

On May 9, 2025, Live Casino filed an unopposed motion for leave to join Royal Custom Designs as a third-party defendant, representing that Royal Custom Designs manufactured the barstool and "may be liable to [Live Casino] for all or part of the claim against it."[7]  We granted the motion, ordering Live Casino to file its third-party complaint against Royal Custom Designs by May 19, 2025.[8]  It filed the complaint on May 21, 2025.[9]

On July 30, 2025, before counsel for Royal Custom Designs entered an appearance,[10] Live Casino filed a motion to amend the scheduling order, requesting an extension of all deadlines by 90 days to account for the joinder.[11]  We granted the motion, but extended all deadlines by only 56 days.[12]

Royal Custom Designs filed its answer to Live Casino's third-party complaint on August 20, 2025.[13]  Nine days later, it filed an unopposed motion requesting that all

---

[5] *See* Scheduling Order dated April 8, 2025 ¶ 20, ECF No. 19.

[6] *See* Order dated April 16, 2025, ECF No. 24.

[7] Mem. of L. in Supp. of the Mot. for Late Joinder of Third-Party Def. of Def. Stadium Casino RE, LLC d.b.a Live! Casino & Hotel Phila. at 2 (citing Fed. R. Civ. P. 14), ECF No. 25-2.

[8] *See* Order dated May 12, 2025, ECF No. 26.

[9] *See* Third-Party Complaint, ECF No. 27.

[10] Counsel for Royal Custom Designs first entered its appearance on August 8, 2025.  *See* Entry of Appearance, ECF No. 31.

[11] *See* Def. Stadium Casino RE, LLC d/b/a LIVE! Casino & Hotel Phila.'s Unopposed Mot. to Amend Scheduling Order ¶¶ 5–7, ECF No. 29.

[12] *See* Am. Scheduling Order, ECF No. 30.

[13] *See* Answer with Affirmative Defenses of Third-Party Def., Royal Custom Designs, LLC ("Third-Party Answer"), ECF No. 32.

deadlines in the Amended Scheduling Order be extended by 90 days.[14]  We granted that motion, but extended all deadlines by only 35 days.[15]

On December 9, 2025, more than five weeks after discovery closed,[16] the parties stipulated, without explanation, to dismiss Royal Custom Designs as a defendant.[17]  They state now that, "[a]fter discovery was exchanged between the parties, it was discovered that . . . Royal Custom Designs was not the proper defendant[.]"[18]

Live Casino now moves for leave to file the late joinder of an entity it alleges is the manufacturer.[19]  This time it claims Amtrend manufactured the stool.[20]

**Analysis**

A defendant may, "as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  However, if it seeks joinder more than 14 days after serving its answer, the defendant must obtain leave of court to join a third-party defendant.  *See id.*

Under the Eastern District of Pennsylvania's local rules, requests for leave to join additional parties filed more than ninety days after service of the moving party's answer "will ordinarily be denied as untimely[.]" E.D. Pa. L.R. 14.1(a).  The rule further provides that "[i]f it appears to the court's satisfaction that the identity of the party sought to be joined, or the basis for that joinder, could not with reasonable diligence have been

---

[14] *See* Third-Party Def., Royal Custom Designs, Unopposed Mot. to Amend Scheduling Order at 1, ECF No. 33.

[15] *See* Second Am. Scheduling Order, ECF No. 34.

[16] Fact discovery was ordered to be completed no later than October 31, 2025.  *See id.* ¶ 1.

[17] *See* Stipulation to Dismiss Less Than All Defs., ECF No. 38

[18] *See* Mem. of L. in Supp. Mot. for Late Joinder of Third-Party Def. of Def. Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Phila. at 2, ECF No. 41-2.

[19] *See id.* at 1–2.

[20] *See id.* at 2.

ascertained" within those ninety days, "a brief further extension of time may be granted by the court in the interests of justice." *Id.*

Live Casino's joinder motion is untimely and inexcusable.  It served its answer to Gorham's complaint on August 20, 2025.[21]  It filed the instant motion on December 12, 114 days later.[22]

Live Casino fails the reasonable diligence test.  First, that it previously erroneously identified another entity as the stool's manufacturer suggests a lack of diligence.  Second, despite acknowledging that it must point to "special circumstances to excuse the delay,"[23] Live Casino has offered no explanation how and when it learned of Amtrend or the basis for joinder.  It merely states that "[t]hrough the parties' investigation, it was determined that Amtrend was the manufacturer of the barstool."[24]  It cites to a cropped snippet of a document that reads "SELLER: AMTR00" and lists a California address under the name "Amtrend."[25]  Live Casino does not state when that document became available to the parties, where or by whom it was found, and what other information was on the document. It appears the document was in Live Casino's files.

Thus, joining Amtrend at this late date would delay trial, which has already been rescheduled twice at Live Casino's request.  Trial is currently scheduled for January 8, 2026,[26]  That date would have to be extended yet again if Amtrend were added as a third-

---

[21] *See* Third-Party Answer, ECF No. 32.

[22] *See* Mot. for Late Joinder of Third-Party Def. of Def. Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Phila. ("Def.'s Mot."), ECF No. 41.

[23] *See* Mem. of L. in Supp. Mot. for Late Joinder of Third-Party Def. of Def. Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Phila. at 4 (citing *Bunzl Pulp & Paper Sale, Inc. v. Golder*, No. Civ. A. 90-4303, 1995 WL 89026, at *4 (E.D. Pa. Mar. 2, 1995)), ECF No. 41-2.

[24] *See id.* at 2.

[25] *See* Ex. C to Def.'s Mot., "Seller Document," at 2, ECF No. 41-6.

[26] See Second Am. Scheduling Order ¶ 19, ECF No. 34.

party defendant to allow Amtrend time for discovery.[27]  Indeed, Live Casino has already requested another extension to account for the proposed joinder.[28]

Finally, granting Live Casino's motion would likely harm the proposed third-party defendant.  Unless we extended the dates again, Amtrend would have no time to prepare for a trial for which the other parties spent over a year in preparation.

## Conclusion

Because Live Casino did not act with reasonable diligence in ascertaining the identity of the barstool manufacturer, its unopposed motion to join Amtrend as a third-party defendant is denied.

---

[27] *See* Def. Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Phila.'s Unopposed Mot. to Amend Second Scheduling Order at 2, ECF No. 42 (requesting "additional time to schedule depositions and exchange additional discovery with additional defendant Amtrend").

[28] *See id.*